IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF/RESPONDENT |
| v.   Civil No. 05-5163<br>Crim. No. 03-50020-002 | |
| CANDIDO RAMIREZ | DEFENDANT/MOVANT |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Candido Ramirez, a federal inmate housed in FCI Forrest City, Arkansas, brings a self-prepared motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Doc. 51.) The motion was filed on September 30, 2005. The United States has filed a response (Doc. 53), arguing, *inter alia*, that Ramirez's section 2255 motion is untimely.

**I. Background**

Ramirez was charged in this court with five counts involving the possession and distribution of methamphetamine. On August 7, 2003, Ramirez entered a guilty plea to one count of aiding and abetting others, knowingly possessing with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) and 18 U.S.C. § 2. This was entered pursuant to a plea agreement. On October 28, 2003, Chief Judge Jimm Larry Hendren sentenced Ramirez to 84 months imprisonment and 5 years supervised release and imposed a $5000 fine. The remaining counts were dismissed on a motion from the government, pursuant to the plea agreement. Ramirez made no direct appeal of this sentence.

In his habeas petition, Ramirez argues that (1) his complaint is timely under *Dodd v. United States*, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005), (2) the court erred in determining that

between 350 to 500 grams of methamphetamine was properly attributed to him, and (3) the sentence was "illegally enhanced on the basis of judicially determined facts" pursuant to *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

In response, the United States argues that the time for filing the motion under section 2255 had expired and none of the exceptions under section 2255 are applicable to Ramirez, that Ramirez did not received ineffective assistance of counsel, and that the decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and *Booker* do not apply retroactively to cases on collateral review. (Docs. 53-54.)

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2255 to require federal prisoners to file their motions for relief within one year from the latest of (1) the date of conviction becomes final, (2) the date that an impediment to filing an application created by governmental action in violation of the Constitution or other federal law is removed, if the application was prevented from filing by such State action, (3) if a newly recognized right is involved which is made retroactive by the Supreme Court, then on the date on which the right was initially recognized, or (4) the date on which the factual basis of the claim(s) could have been discovered through exercise of due diligence. *See* 28 U.S.C. § 2255.

The limitation period is calculated from the date Ramirez's conviction became final, October 28, 2003, plus expiration of the 10-day period for filing an appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (unappealed district court judgment of conviction becomes "final" ten days after entry of judgment). Thus, the one-year limitation period expired on November 7, 2004. Ramirez filed his section 2255 petition on

September 30, 2005, well beyond the one-year limitations period.

The court ordered (Doc. 55) Ramirez to complete a questionnaire (Doc. 59) to respond to the government's contention that the motion was belatedly filed. Ramirez states that under the Supreme Court's decision in *Dodd*, which discusses how to calculate the limitations period for situations where the Supreme Court newly recognizes a right which is made retroactive, he should be permitted to file this habeas petition because the Supreme Court's decisions in *Blakely* and *Booker* "are clearly a substantive change in the law," and thus should receive retroactive application. (Doc. 59.)

Ramirez's argument is foreclosed by the Eighth Circuit's recent decision in *Never Misses A Shot v. United States*, 413 F.3d 781 (8th Cir. 2005). There, the Eighth Circuit held that "*Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." *See id.* at 783. Thus, Ramirez's contention that the one-year limitations period should be been tolled due to *Blakely* and *Booker* is without merit as the Eighth Circuit has held that they are not applied retroactively. *See* 28 U.S.C. § 2255(3). Ramirez's judgment of conviction became final in November 2003, both *Blakely* and *Booker* were decided after Ramirez's criminal conviction became final, and the instant motion was filed several months after the expiration of the limitations period.

### III. Conclusion

Therefore, I recommend that the instant motion, filed under 28 U.S.C. § 2255, be dismissed with prejudice as untimely.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

AO72A
(Rev. 8/82)

**written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of February 2006.

                                                **/s/ Beverly Stites Jones**
                                                _____
                                                HON. BEVERLY STITES JONES
                                                UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)